[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs bring this complaint in seven counts seeking damages from the defendant resulting from an agreement between the parties for the construction of two fireplaces at the plaintiffs' residence which was under construction. CT Page 7562
The plaintiffs, Thomas Kulig and Denise Kulig, husband and wife, were in the process of constructing a new home. Thomas Kulig was acting as the general contractor for the construction. He had some experience in this field. He approached the defendant, Angelo Nicoletti, a mason contractor to construct the fireplaces. Thomas verbally explained to the defendant what was expected in the construction of the fireplaces; ant that the appearances of the fireplaces was to conform to the overall design of the rooms and the residence. The defendant drafted a proposed agreement which was accepted by the plaintiffs. (Plaintiffs' Exhibit 1).
During the course of the construction of the fireplaces the defendant reported to the plaintiff, Thomas Kulig, that the town building inspector had inspected the fireplaces and approved them. When the work was substantially completed, that is, to the extent that the fireplaces could be viewed, Thomas Kulig expressed his disappointment with the appearance of the fireplaces. The parties discussed the situation. They agreed to terminate the contract with no further payments by the plaintiffs — payments in the sum of $5,200.00 having been made to the defendant — and no further work to be performed by the defendant.
The plaintiffs then hired another mason to work on the fireplaces. This mason determined there were serious construction deficiencies as well as failures to comply with the local building code. His opinion was supported by the local building inspector regarding the building code violations. Some of these violations increased the danger from fire, others interfered with the proper functioning of the fireplace.
To correct the construction deficiencies of the fireplaces required that each be substantially removed and rebuilt.
The defects and deficiencies in the construction of the fireplaces were not apparent to the plaintiffs during the course of the construction because of the technical nature of these deficiencies. It was only when the second mason examined the fireplaces were these serious problems discovered.
Thus when the parties herein terminated their original contract, the plaintiff Thomas Kulig expressed his displeasure and dissatisfaction with the appearance and aesthetics of the fireplaces, not however with the construction deficiencies since CT Page 7563 they were not observable nor detectable to one unfamiliar with the technicalities of brick laying and fireplace construction.
The plaintiffs, as a direct result of the defendant's failure to construct the fireplaces in a workmanlike manner, as well as in compliance with the local building code, suffered damages of $3,325.00, broken down as follows:
$2,325.00 — to disassemble the faulty work
 $1,000.00 — delays in completion of the house resulting from the need to disassemble the brick work and to rebuild the fireplaces
Therefore, judgment may enter for the plaintiffs on Counts 1, 2, 3, 4 and 5 in the sum of $3,325.00 together with court costs.
Judgment may also enter for the defendant on Counts 6 and 7.
JULIUS J. KREMSKI TRIAL JUDGE REFEREE